WHATLEY DRAKE & KALLAS, LLC
Edith M. Kallas (*pro hac vice*)
ekallas@wdklaw.com
Joe R. Whatley, Jr. (*pro hac vice*)
jwhatley@wdklaw.com
Deborah Clark-Weintraub (*pro hac vice*)
dweintraub@wdklaw.com
1540 Broadway, 37th Floor
New York, NY  10036
Tel.:  (212) 447-7070
Fax:   (212) 447-7077

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re: EPOGEN AND ARANESP OFF-LABEL MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 08-ML-01934 PSG (AGRx)<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Judge:  Hon. Philip S. Gutierrez<br>Date:  June 1, 2009<br>Time: 1:30 p.m. |

Plaintiffs submit this Notice of Supplemental Authority to bring to the Court's attention to the decision of the California Supreme Court in *In re Tobacco II Cases*, No. S147345, 2009 WL 1362556 (Cal. May 18, 2009) ("*Tobacco II*") and the Memorandum for the Heads of Executive Departments and Agencies that was issued by President Barack Obama on May 20, 2009. A copy of the opinion and memorandum are attached hereto as Exhibits A & B respectively.

In its motion to dismiss, Defendant Amgen, Inc. argued that Plaintiffs failed to satisfy the standing requirements to bring a claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200 *et seq.* ("UCL"). In Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (Docket # 56) ("Pls' Opp."), Plaintiffs explained that issues regarding standing to bring a UCL claim in a class action were pending before the California Supreme Court in *Tobacco II*. Pls' Opp. at 27-28. The California Supreme Court issued its decision in *Tobacco II* on May 18, 2009.

The Court in *Tobacco II* discussed the impact of Proposition 64, a 2004 amendment to the California UCL, on class actions. *Tobacco II*, 2009 WL 1362556 at *7-15. Proposition 64 mandated that a private person has standing to assert a claim under the California UCL only when that person has suffered injury in fact or has lost money or property as a result of the unfair competition. *Id.* at *6-7. Therefore, the Court addressed whether, in a UCL class action, the representative plaintiff or all class members must satisfy the standing requirement of Proposition 64. *Id.* at *7-15. The Court held that, in a UCL class action, only the class representatives must meet the standing requirement of having suffered injury in fact and having lost money or property as a result of the defendant's unfair competition. *Id.* at *10.

As explained in Plaintiffs' briefing on the motion to dismiss, the representative Plaintiffs satisfy the standing requirements of Proposition 64 because they have alleged throughout the Complaint that Plaintiffs made increased payments on behalf of their members as a result of Defendants' wrongful scheme. *See* Plaintiffs'

Corrected Amended Consolidated Class Action Complaint (Dkt. #54) at ¶¶15-21 (containing specific allegations regarding the named plaintiffs' purchases), 134, 139, 159, 163, 171. *See also* Pls' Opp. at 28-29.

The May 20, 2009, Memorandum for the Heads of Executive Departments and Agencies expresses the general policy of President Obama's Administration that preemption of State law by executive departments and agencies should occur only when there is a sufficient legal basis for preemption. To this end, the memorandum directs that heads of executive departments and agencies (1) should not include in regulatory preambles statements that the department or agency intends to preempt State law through regulation, except where preemption provisions are also included in the codified regulation, and (2) should not include preemption provisions in codified regulations, except where such provisions would be justified under legal principles governing preemption, including the principles outlined in Executive Order 13132. The memorandum further directs heads of executive departments and agencies to review regulations issued within the past 10 years that contain statements in regulatory preambles or codified provisions intended by the department or agency to preempt State law to decide whether such statements or provisions are justified under applicable legal principles governing preemption.

The President's directive, coupled with Justice Thomas' opinion in *Wyeth v. Levine*, 129 S. Ct. 1187, 1204-1217 (2009) (Thomas, J., concurring in the judgment), signals a rejection of Defendant's argument here that Plaintiffs are using state-law and RICO claims to privately enforce the FDCA and ERISA.

Dated: May 27, 2009                         WHATLEY DRAKE & KALLAS, LLC


                                            By:   /s/ Edith M. Kallas

                                            Edith M. Kallas
                                            Joe R. Whatley, Jr.

Deborah Clark-Weintraub
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: (212) 447-7070
Facsimile: (212) 447-7077

*Lead Counsel for Plaintiffs*

**HENNIGAN BENNETT & DORMAN, LLP**
Roderick G. Dorman
Mieke K. Malmberg
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

**BRANSTETTER STRANCH & JENNINGS PLLC**
J. Gerard Stranch, IV
227 Second Avenue North, 4th Floor
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 250-3937

**FINKELSTEIN THOMPSON LLP**
Tracy D. Rezvani
The Duvall Foundry
1050 30th Street, N.W.
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

**MILLER LAW LLC**
Marvin A. Miller
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

**BARNOW AND ASSOCIATES, P.C.**
Ben Barnow

| | |
|---|---|
| 1 | One N. LaSalle Street, Suite 4600 |
| 2 | Chicago, IL 60602 |
| | Telephone: (312) 621-2000 |
| 3 | Facsimile: (312) 641-5504 |
| 4 | |
| | **COOK PORTUNE & LOGOTHETIS** |
| 5 | David M. Cook |
| | 22 West 9th Street |
| 6 | Cincinnati, OH 45202 |
| 7 | Telephone: (513) 721-0444 |
| | Facsimile: (513) 721-1178 |
| 8 | |
| 9 | **EYSTER KEY TUBB ROTH** |
| | **MIDDLETON & ADAMS LLP** |
| 10 | Nicholas B. Roth |
| 11 | 402 East Moulton Street |
| | P.O. Box 1607 |
| 12 | Decatur, AL 35602 |
| 13 | Telephone: (256) 353-6761 |
| | Facsimile: (256) 353-6767 |
| 14 | |
| 15 | **GILBERT & SACKMAN** |
| 16 | Robert A. Cantore |
| | 3699 Wilshire Boulevard, Suite 1200 |
| 17 | Los Angeles, CA 90010 |
| 18 | Telephone: (323) 938-3000 |
| | Facsimile: (323) 937-9139 |
| 19 | |
| 20 | **HARRY R. BLACKBURN AND ASSOCIATES** |
| 21 | Harry R. Blackburn |
| 22 | 208 Kings Highway South |
| | Cherry Hill, NJ 08034 |
| 23 | Telephone: (856) 795-5758 |
| 24 | |
| 25 | **JACOBS BURNS ORLOVE STANTON & HERNANDEZ** |
| 26 | Brandon M. Anderson |
| | Joseph M. Burns |
| 27 | 122 South Michigan Ave., Ste 1720 |
| 28 | Chicago, IL 60603 |

- 4 -    Notice of Supplemental Authority

Telephone: (312) 372-1646
Facsimile: (312) 580-7175

**LOWEY DANNENBERG COHEN & HART, P.C.**
Gerald Lawrence, Jr.
Peter D. St. Phillips, Jr.
White Plains Plaza
One North Broadway
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

**ROSNER & MANSFIELD, LLP**
Alan M. Mansfield
10085 Carroll Canyon Rd., Ste 100
San Diego, CA 92131
Telephone: (858) 348-1005
Facsimile: (858) 348-1150

**SHELLER P.C.**
Stephen A. Sheller
Brian J. McCormick
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Telephone: (215) 790-7300
Facsimile: (215) 546-0942

**SOMMERS SCHWARTZ, P.C.**
John J. Thompson
Henri O. Harmon
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: (248) 355-0300
Facsimile: (248) 746-4001

**ZIMMERMAN REED**
Timothy J. Becker
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

*Counsel for Plaintiffs*