DARREL J. HIEBER (CA Bar No. 100857)
dhieber@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
(213) 687-5000 (telephone)
(213) 687-5600 (facsimile)

MARK S. CHEFFO (admitted *Pro Hac Vice*)
mark.cheffo@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000 (telephone)
(212) 735-2000 (facsimile)

Attorneys for Defendant Amgen Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In re: EPOGEN AND ARANESP OFF-LABEL MARKETING AND SALES PRACTICES LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 2:08-ML-01934 PSG (AGRx)<br><br>DEFENDANT AMGEN INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Date: June 1, 2009<br>Time: 1:30 p.m.<br>Judge: Hon. Philip S. Gutierrez |

Amgen Inc. ("Amgen") respectfully submits this brief response to Plaintiffs' Notice of Supplemental Authority, which attached the decision in *In re Tobacco II Cases*, No. S147345, 2009 WL 1362556 (Cal. May 18, 2009), as well as a May 20, 2009, White House Memorandum for the Heads of Executive Departments and Agencies. Neither authority supports the Funds' opposition to Amgen's Motion to Dismiss.

The California Supreme Court's decision in *In re Tobacco II* fully supports dismissal here. The court there confirmed both that: (1) to maintain claims under the unfair competition law ("UCL"), as amended by Proposition 64, putative class representatives, like the Funds here, each must plead and prove the injury and causation elements set forth in the UCL; *and* (2) that where, as here, UCL claims are based on alleged fraudulent conduct, plaintiffs must plead "actual reliance." *In re Tobacco II*, 2009 WL 1362556, at *16. The court explained:

> [T]here is no doubt that reliance is the causal mechanism of fraud. Additionally, because it is clear that the overriding purpose of Proposition 64 was to impose limits on private enforcement actions under the UCL, we must construe the phrase "as a result of" in light of this intention to limit such actions. Therefore, we conclude that this language imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong.

*Id.* (citations omitted). The Funds themselves have conceded that they do not allege reliance anywhere in the Amended Complaint. None of the conclusory allegations cited by the Funds in their Notice adequately plead causation or injury under *In re Tobacco*, this Court's decision dismissing their original Consolidated Complaint, or the Rule 8 standard set forth in *Ashcroft v. Iqbal*, --- S. Ct. ----, 2009 WL 1361536 (May 18, 2009) (submitted as supplemental authority by Amgen on May 22, 2009).

The Funds' attempt to rely on a White House Memorandum directed to heads of government agencies is similarly misplaced. That document bears no relevance to the issues before this Court. As set forth in Amgen's moving and reply briefs in

support of its motion to dismiss, and not contested by the Funds in their opposition, this Court's Order dismissing the Funds' original Consolidated Complaint did not rely on a finding of preemption of state law, the subject of the White House Memorandum and the Supreme Court's decision in *Wyeth v. Levine*, 129 S. Ct. 1187 (2009). Rather, the Court dismissed the Funds' state law and RICO claims because they are "an impermissible attempt to bring a private suit for violations of the FDCA." *In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282, 1292 (C.D. Cal. 2008) (Gutierrez, J.).[1] Nothing in the White House Memorandum or the *Levine* decision disturbs this Court's well reasoned determination, which continues to apply to and warrant dismissal of the Funds' Amended Complaint.

Dated: May 29, 2009

/s/ Darrel J. Hieber
Sheila L. Birnbaum
(admitted *Pro Hac Vice*)
sheila.birnbaum@skadden.com
Barbara Wrubel
(admitted *Pro Hac Vice*)
barbara.wrubel@skadden.com
Mark S. Cheffo
(admitted *Pro Hac Vice*)
mark.cheffo@skadden.com
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Darrel J. Hieber
darrel.hieber@skadden.com
Cal. Bar No. 100857
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 687-5000

---

[1] Furthermore, as this Court noted, "[t]he existence of the FDCA does not completely preclude injured parties from asserting claims of fraud or false advertising. Other legislation, state and federal, remains in effect to protect consumers from false and deceptive prescription drug advertising." *Id*. at 1290.

| | |
|---|---|
| 1 | Facsimile:  (213) 687-5600 |
| 2 | Robert A. Limbacher |
| | (admitted *Pro Hac Vice*) |
| 3 | Will W. Sachse |
| | (admitted *Pro Hac Vice*) |
| 4 | DECHERT LLP |
| | Cira Center |
| 5 | 2929 Arch Street |
| | Philadelphia, Pennsylvania 19104 |
| 6 | Telephone:  (215) 994-4000 |
| | Facsimile:  (215) 994-2222 |
| 7 | |
| | Mary Beth Cantrell |
| 8 | Moze Cowper |
| | Amgen Inc. |
| 9 | One Amgen Center Drive |
| | Thousand Oaks, California  91320 |
| 10 | Telephone:  (805) 447-1000 |
| | Facsimile:  (805) 447-1010 |
| 11 | |
| | Attorneys for Defendant Amgen Inc. |