```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3           HONORABLE Philip S. Gutierrez, JUDGE PRESIDING

 4   SHEET METAL WORKERS NATIONAL    )
     HEALTH FUND, ET AL.,            )
 5                                   )
                                     )
 6                                   )
                      Plaintiffs,    )
 7                                   )
                                     )
 8                                   )   No. CV 07-5620-PSG
             Vs.                     )
 9                                   )
                                     )
10                                   )
     AMGEN, INC., ET AL.,            )
11                                   )
                                     )
12                                   )
                      Defendants.    )
13                                   )
     _____

14

15

16              REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                       Status Conference

18                   LOS ANGELES, CALIFORNIA

19                     Monday, June 2, 2007

20   _____

21

22              MIRIAM V. BAIRD, CSR 11893
             OFFICIAL U.S. DISTRICT COURT REPORTER
23             255 EAST TEMPLE STREET, # 181-K
              LOS ANGELES, CALIFORNIA 90012
24                    (213) 894-2853
                   MVB11893@aol.com
25
```

**A P P E A R A N C E S**

| | |
|---|---|
| **IN BEHALF OF THE PLAINTIFFS:** | Whatley Drake & Kallas<br>By:  EDITH M. KALLAS<br>1540 Broadway<br>37th Floor<br>New York, New York 10036<br>- and -<br>Hagens Berman Sobol Shapiro<br>By:  STEVE W. BERMAN<br>1301 Fifth Avenue<br>Suite 2900<br>Seattle, Washington 98101 |
| **IN BEHALF OF THE DEFENDANT, AMGEN:** | Skadden, Arps, Slate, Meagher & Flom<br>By:  MARK S. CHEFFO<br>Four Times Square<br>New York, New York 10036-6522<br>- and -<br>Sonnenschein Nath & Rosenthal<br>By:  DAVID H. STERN<br>601 South Figueroa Street<br>Suite 2500<br>Los Angeles, California 90017 |

**ALSO APPEARING:**
Robert Limbacher
Thomas Ryan
Rod Dorman

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, JUNE 2, 2008; 1430
 2                              ---
 3
 4            THE CLERK:  CV 07-5620-PSG, Sheet Metal Workers
 5   National Health Fund, et al., vs. Amgen, et al.
 6            Counsel, please state your appearance for the
 7   record.
 8            MR. BERMAN:  Steve Berman for the plaintiffs.
 9            MS. KALLAS:  Good afternoon, Your Honor,
10   Edith Kallas for plaintiff.
11            MR. STERN:  David Stern on behalf of Fresenius
12   Medical Care.
13            MR. RYAN:  Good afternoon, Your Honor, Tom Ryan of
14   McDermott Will & Emery on behalf of Davita.
15            MR. CHEFFO:  Good afternoon, Your Honor,
16   Mark Cheffo for Amgen.
17            MR. LIMBACHER:  Good afternoon, Your Honor,
18   Robert Limbacher for Amgen.
19            MR. DORMAN:  Good afternoon, Your Honor, Rod Dorman
20   for the plaintiffs.
21            THE COURT:  Good afternoon.
22            I have read the joint report.  I've read the
23   proposed management order.  I've read the supplement that
24   both parties filed.  I read Fresenius' objection that was
25   also filed.
```

1    I want to hear first -- I have a couple questions
2    for plaintiffs' counsel. I have a definite idea of what I
3    want to do, but I do have a couple questions. If I could
4    hear from plaintiffs' counsel. One of them relates to -- if
5    I allow the plaintiffs to file a consolidated complaint, and
6    then the next issue was what are we going to do about
7    discovery? Plaintiffs didn't address Fresenius' objection.
8    They were only named in one of the complaints. Now they're
9    going to be thrown into discovery. They don't even know if
10   they're going to be part of the case.
11          What is the plaintiffs' position as to that
12   objection that was raised?
13          MS. KALLAS: Would you like me to go --
14          THE COURT: Please.
15          MS. KALLAS: Our position with respect to Fresenius
16   is at this point in time we intend to amend the complaint as
17   per your direction in your ruling on our motion to dismiss in
18   the Sheet Metal Workers' case to continue to include them as
19   a defendant, but either way, we intend to subpoena them as
20   part of the discovery process.
21          So our position is that we should be able to go
22   forward against the other defendants, regardless. It would
23   be most efficient if Fresenius could be kept in the process
24   in terms of the meet-and-confer process and the types of
25   documents that we're going to be looking for in discovery and

1  the scheduling of depositions, but to the extent that this
2  Court feels it did dismiss Fresenius from the complaint, that
3  it should not be part of that process, the Court should be
4  still be aware we do intend to subpoena Fresenius in any
5  event.
6        THE COURT:  Then it relates to -- another question
7  that I had relates to potential additional parties.  There
8  was a different timeline proposed by the defense and the
9  plaintiffs as to when additional parties would be brought in.
10       Your best guess now, what is your thinking in terms
11 of how this will play itself out?
12       MS. KALLAS:  Well, again, it depends on the
13 discovery schedule put into the place and what the timeline
14 looks like.  Under their proposal, they were giving us
15 approximately 60 days, I believe, for joinder, which wouldn't
16 even give us time to start getting documents in and reviewing
17 them, never mind, you know, being able to determine what
18 additional defendants need to be part of the case.
19       Our proposal, which I believe is 180 days, gives us
20 the maximum time we need in order to determine who we may
21 want to add in this process.
22       THE COURT:  All right.
23       What I'd like to do at this stage, again, I've read
24 everything.  Although I don't encourage it in the future, the
25 supplemental reports were actually helpful to me.  When I got

1   the joint reports, I wanted to know why the different sides
2   were proposing what they were proposing.  So I don't
3   encourage the practice, but it was helpful to get them.  I
4   read them.  Now I understand why the different sides are
5   making different requests.
6          So having read that, this is what I would like to
7   do:  The plaintiffs will be allowed to file a consolidated
8   complaint.  That should be filed within 30 days.  A motion to
9   dismiss or answer, 30 days after that, and then the reply two
10  weeks after that.  Then we'll have a hearing date of
11  August 25th if there is a motion to dismiss.
12         What I'm going to do also as well is until -- I'm
13  not going to stay discovery.  I'm going to preliminarily stay
14  discovery to that August 25th hearing.  I want to see what
15  the complaint looks like.  Once we get that, on the 25th,
16  we'll set a scheduling conference.  I will set up a calender
17  of events from the August 25th date.  I'm not going to
18  conduct discovery in phases.  We're going to have discovery
19  of certification and merits all at once, but on the
20  August 25th date, we'll set up dates with regard to all of
21  the discovery, experts, certification, everything else.
22         MS. KALLAS:  Would Your Honor be open to hearing
23  argument on why discovery should not be stayed at this time?
24         THE COURT:  I think I understand your position.  At
25  the end of the day, you're going to get enough time to --

1   what difference does it make if you start now or the 25th?
2           The only reason I'm pausing, I want to see what the
3   complaint looks like.  I know it will conform with what I
4   wrote in Sheet Metal, but I had a better comfort level if I
5   just saw what the claims were about and what the motion to
6   dismiss was going to raise, and then also, I didn't see I was
7   going to prejudice the plaintiffs in any way because on the
8   August 25th date we're going to evaluate the dates, set
9   certification dates, and set deadlines that I thought were
10  going to be reasonable.
11          MS. KALLAS:  Okay.  We -- just so Your Honor is
12  aware, because we have informed the defendants, we do intend
13  to use the Sheet Metal Workers' complaint as the complaint
14  that we are consolidating all of the other plaintiffs into.
15          THE COURT:  I got that impression from your papers.
16  I thought that was a good idea.  I think that is going to
17  make things a lot easier.  I don't think -- I want to see how
18  this plays out.  I thought that was a cautious good way to
19  go.
20          MS. KALLAS:  I wanted to raise the issue of
21  document preservation, if I may?
22          THE COURT:  Go ahead.
23          MS. KALLAS:  I can't really tell from the
24  defendants' filing what their position is.  They seem to have
25  ignored the issue.  I don't know if it's intentional or not,

| | |
|---|---|
| 1 | but we all understand what our obligations are, but that |
| 2 | doesn't tell the whole story.  You really -- the -- the two |
| 3 | sides need to sit down, and I hope a stay doesn't get in the |
| 4 | way of us doing that and talk about what the parameters are. |
| 5 | I mean, it's a bilateral obligation.  We have the same |
| 6 | obligation in terms of our clients.  So we need to understand |
| 7 | what needs to be retained. |
| 8 |       THE COURT:  I don't mean for that stay to get in |
| 9 | the way of those obligations. |
| 10 |       MS. KALLAS:  Okay. |
| 11 |       THE COURT:  Plaintiffs should meet and talk about |
| 12 | how you are going to retain documents and preserve documents. |
| 13 |       MS. KALLAS:  So we can go ahead and start meeting |
| 14 | and conferring on that? |
| 15 |       THE COURT:  Absolutely. |
| 16 |       MS. KALLAS:  Thank you, Your Honor. |
| 17 |       MR. CHEFFO:  Let me make two quick points on that, |
| 18 | Your Honor, in the C.M.O., we actually did jointly submit |
| 19 | language on the preservation. |
| 20 |       THE COURT:  It's not an issue. |
| 21 |       MR. CHEFFO:  You know, all along, we certainly |
| 22 | understand the defendants' obligations.  I'm sure the |
| 23 | plaintiffs -- |
| 24 |       THE COURT:  No one is pressing the delete button as |
| 25 | we speak? |

1         MR. CHEFFO:  Exactly, Your Honor.  We will confer
2    and continue to work.
3         The only issue I just wanted to raise with the
4    Court, understanding certainly the dates you set out, but we
5    can also file this as a motion if that is what you'd like.
6    Part of the issue, as you know from some of the prior
7    briefing, is on issues of choice of law.  The reason I raise
8    that now is really to get to the page-limit issue.
9         The plaintiffs' position is everything is under
10   California law.  Our view is we're going to have to look at
11   each one of the state law causes of action, do a choice of
12   law analysis for each of the five or six states.
13        THE COURT:  Tell me when you get the complaint,
14   submit a proposed application.  The briefing has been
15   reasonable in the past.  So you -- don't take advantage of
16   it.
17        MR. CHEFFO:  Certainly not.
18        THE COURT:  Once you see it, go ahead and submit
19   it.
20        MR. CHEFFO:  Understood, Your Honor.
21        THE COURT:  I will take a look at it.
22        Before I forget, how -- how I want things to be
23   filed in the case.  I want things to be filed in the MDL
24   case.  Since we're going to have a consolidated complaint, it
25   will make it a lot easier.  A courtesy copy by noon the next

```
 1   day.  So just in the MDL case and docketed in the MDL case.
 2            Any questions on that?
 3            MS. KALLAS:  We just had some difficulty filing
 4   under the MDL number because for some reason, the plaintiffs'
 5   counsel are not part of that listing, but I assume that's in
 6   the process of being worked out.
 7            THE COURT:  I will work it out today.  Ultimately,
 8   what happened when I was looking -- I found your
 9   opposition -- your supplement, but I didn't find the
10   defendants' supplement.  I knew there was one out there.  One
11   was docketed in the MDL, which was the defense.  The other
12   one wasn't.  I want to find all of the documents in one
13   place.  We'll get the counsel list amended so you can file
14   the documents.
15            MR. CHEFFO:  The final thing, when you say,
16   consolidation, we're talking for pretrial purposes?
17            THE COURT:  Right.
18            MR. CHEFFO:  Thank you, Your Honor.
19            MR. BERMAN:  Your Honor, we had two questions, if I
20   may?
21            THE COURT:  Could you state your name again?
22            MR. BERMAN:  Steve Berman, Your Honor.
23            We had also submitted to help organize the case
24   proposed case management order Number 1, which in addition to
25   having all of the cases filed in the MDL, provided for
```

1   appointment of lead counsel.  I don't know if you had a
2   chance to consider that.  It's important to us because we
3   have all these lawyers around the country who we have tried
4   to organize.
5              THE COURT:  I noticed there was an executive
6   committee.  How was lead counsel selected?  How did that
7   process work?
8              MR. BERMAN:  We sat around a room.  We talked about
9   who was qualified.  We reached a consensus, which is what the
10  manual asked for.
11             THE COURT:  That's what I assumed.  I saw an
12  executive committee.
13             There will be lead counsel Whatley Drake & Kallas,
14  and Hagens Berman Sobol, Llc will be co-lead counsel.  That
15  will be reflected in the minute order.
16             MR. BERMAN:  In connection with the hearing on
17  August 25th, do you contemplate that we would have a
18  Rule 26(f) ahead of that?
19             THE COURT:  Correct.  Treat it like your scheduling
20  conference.  That will start the ball rolling.  I'll see what
21  the complaint is about.  On the 25th, I can set dates.
22  Similar to what you proposed in the joint report, sort it
23  out.  From that August 25th date, will be day one.
24             MR. BERMAN:  Thank you, Your Honor.
25             MR. STERN:  Just briefly, Your Honor, David Stern

```
 1   for Fresenius.
 2           Just so I'm clear, we had stated that the
 3   plaintiffs should have only ten days based on the prior stays
 4   to amend their complaint.  If I understand, there will be a
 5   consolidated amended complaint for pretrial purposes only.
 6   We're not in any action at this point in time, so I assume
 7   everything is stayed with respect to us until we're joined in
 8   some --
 9           THE COURT:  Until you're joined -- you'll see that
10   complaint within the next 30 days.  Right.
11           MR. STERN:  Okay.
12           THE COURT:  Nothing will happen in the Sheet Metal
13   case or anything else.  Since we're going to have a
14   consolidated complaint, everything else is stayed until we
15   see that complaint.  Then we're off again.
16           MR. STERN:  Okay.
17           THE COURT:  Anything else?  Thank you.
18           (Whereupon proceedings were concluded at 1510)
19
20
21
22
23
24
25
```